7-2 Edna Martinez et al. versus Commonwealth of Puerto Rico et al. Good morning, your honors. My name is Carlos Rodriguez-Garcia. I'm the counsel for appellant. Good morning, Mr. Rodriguez. My address is to the court. We wish to rebut the appease arguments if the court pleases. All right. Now, in this case, your honors, has four different causes of action. The first of all is political discrimination. The second is age discrimination. The third is the ADA or American Disabilities Act discrimination. And the fourth is a retaliation cause of action. In the opinion and order issued by the lower court, the court did not address nor it specifically dismissed the political discrimination cause of action, neither the retaliation cause of action. Now, we understand that this is an error. Second of all, the political discrimination has a two-pronged attack against the defendants or the appellees. The first of all started with or commenced with events that occurred since 2009 until the appellant's termination of employment, which occurred in, I believe, February 2010. Now, the second-pronged attack against or in regards to the political discrimination occurred on August 2010 after several months after she was terminated. And the reason we say this is because the VAR or the Vocational Rehabilitation Administration published the vacancies for which she was terminated. And this is important because appellant was terminated based on Law 7 of 2009. And we will discuss Law 7 of 2009 in more detail further on. Counsel, she received her termination letter on January 15, 2010. Is that correct? Well, why isn't just so I can just finish the question so you know what you're responding to, why under sort of traditional injury accrual analysis, why isn't that the date that marks the date of her injury under the traditional analysis that we do in these kinds of cases? That's why I bring forth the Law 7 of 2009. That Law 7, I'm sure that you've heard this before many times before this panel and before the court, established a fiscal measure to reduce governmental payroll in 2009 because of the financial difficulties that the the government of Puerto Rico was experiencing then. Now Law 7 established a procedure whereby the letter that she received on January stated, we have the intention to terminate your job here only if you can ascertain or look for the protection of an exception to the applicability of Law 7 due to your seniority. In our agency, VAR, you have, I believe it was almost 10 years that she had seniority or tenure or whatever you want to call that, but that January 2009 letter stated that if she had other employment in other government agencies, she could bring forth those documentations to grant her more seniority in order to accept her from the applicability of Law 7. And the Law 7 established a procedure whereby if the OJP or the Office of Budget of Puerto Rico did not acknowledge those years that she worked with the ombudsman of the disability persons or the disabled persons, she had a right to a hearing. So if you take into consideration those factors, those elements, the January 2009 letter was not a termination. It was a letter stating that they had the intent to terminate her job by February. Now she submitted, and I recall that on, I believe it's one of the appendices to, or brief in chief, that we have the complaint that she filed before the EOC by her own writing. And it gives a detailed recollection of the events that was brought towards the EOC. And in that depiction of the events, she makes a detailed recollection of the process that she went through before being terminated finally, finally, and I say finally, on February 2009. I'm sorry, 2010. So the January letter is not a termination letter saying we're going to terminate you finally on February. And we are giving you, let's say, 30 days notice. That's not the fact here. That's not the events that occurred in this case. Because it's a special law, Law 7-2009, that was placed in action towards her and almost 11,000 other government workers. Now again, that law, a special law in the Puerto Rico state law in statute, gave her the opportunity for a hearing to present evidence, documentary evidence, to be able to accept her from the application of Law 7. So again, the letter she received on January 2010 was a letter stating that they had the intent, but that was not a termination letter. And I believe that's, that goes to answer your question, George Lucas. Now in regards to the, it's very, very important for me to discuss the right to sue letter. On February 2010, through the undersigned, we requested a right to sue letter to the EEOC because the 180 days that the agency had to investigate the complaint before the agency elapsed. Our position is that after the 180 days, the EEOC lacks jurisdiction to deal with the complaint. The only thing, and these, there's a case law that we have discussed in our briefing chief and on the reply brief, that after the 180 days, the agency loses jurisdiction to deal with the complaint. And the only thing, it's a menial administrative task of issuing the letter. They don't have the leeway to either issue it or not issue it because they have the leeway to extend the period, but they have to request it even to the complainant before granting an extension of the case. I just want to be sure I understand your thinking. I'm just looking at some dates here. You file your EEOC complaint charge on July 12th, 2010, correct? Is that right? I believe so. Okay. And then the lawsuit is on February 17, 2011. Are you saying that you filed that lawsuit because not having received a right to sue letter from the EEOC, you felt you were then, in effect, the administrative process was over and you were now free to file that lawsuit? That's correct. That's the main issue that we are bringing forth. What we're saying is that after the 100 days, after filing the complaint, our argument is that the agency has lost jurisdiction. And I believe there's a case that Oro Lipez and Oro Torolla has resolved in regards to this. It's Franceschi versus VA. It's 514 Federal 3rd 81. And it goes to that effect. So is it your position that the right to sue letter is really irrelevant because it comes at a point after the EEOC has lost jurisdiction? It's an administrative process that has to go through. And there's cases from the Ninth Circuit that sustain that even though we filed without the right to sue letter in our hand, if the court requests, we can produce it if we have received it after filing the case. And that's, again, argued in our briefs. And it's not only the Ninth Circuit. It's cases in the federal employment cases that are cited in our briefs. So it's not an irrational, even it might be a novel issue that we bring forth before this honorable court in regards to the loss of jurisdiction by the agency after the 108 days. And there's case law that sustain that is just a menial task. You're going into your extra time. I hope you realize that. Yes, Your Honor. If I might withdraw now. Yes, you have four minutes left. Thank you. Good morning, Mr. Fernandez. Good morning, Your Honor. Good morning, members of the court, Representative Peliz in this case. First of all, I would like to point out that the argument that counsel just made about the nature of the January 15, 2010 letter is nowhere to be found in his principal brief or in his reply brief, where he says that January 15, 2010 letter was not really a termination letter. That's not what he argued before the district court. And that's not what he argued in the principal brief or in the reply brief that he was allowed to file a few months ago. But apart from that, I don't see how he can sustain that allegation when the letter specifically told his client, Elena Martinez, that her termination would be effective February 10, 2019, 2010. And as he acknowledges, that was the day when actually the termination occurred. Something bothers me about that, and that's the following, that he was, this is a claim for political discrimination. One of the claims is that one. The other one is disability. I mean, the one we're talking about right now. How did the plaintiff know that he, she was being discriminated against until she saw who replaced her? Yeah, the thing is that she filed following the procedures that were in place in the agency. She had the right to file an appeal of that termination that was announced to her on January 15, and she alleged in that appeal that she was being politically discriminated. And in the record, there is the appeal, and it's mentioned by the district court where she, in February 12, 2010, less than a month after she received the termination, she alleged that the basis for her termination was political discrimination. So at least that day is the day, if we don't use the accrual date as January 15, even if we move it a little forward, we cannot say that it's later than that day when she alleged political discrimination in an appeal, in an administrative appeal before the agency. So even if we use February 12, 2010 as the accrual date, her political discrimination claims under Section 1986 will be time barred because the complaint was filed on February 17, 2011, a little more than a year afterwards. So even if we use that as an accrual date, the case will be still time barred. Judge DeWay is asking something a little bit differently. She may have thought that something was up essentially in February, but her allegation is that when she was replaced by folks of the governor's same party who were younger, I mean that's a different claim, but she was saying that's when she knew that political discrimination had taken place. So why wouldn't that be the appropriate statement? Well, because there's a document of hers stating in February 12 that the animus behind the determination was political animus. So by her own admission, she already has at least a suspicion that that's the case. And the case law in this circuit is that the accrual date is when the person knew that there's something afoot here, that there's some political discrimination here that she found afterwards. Then we cannot honestly say that that occurred after February 12, 2010, because that's when she said in writing that the animus behind my termination is political animus. So that's why we contend that even using that date, the case will be still time barred. Counsel, what is your position on these statutory claims that she brings and the running of the statute of limitations? I mean, there the analysis is completely different. And with respect to those claims, which do have exhaustion of administrative remedy requirements, doesn't the filing of that EEOC charge in July of 2010, doesn't that have the effect of tolling the running of the statute of limitations with respect to those statutory claims? Well, the Supreme Court decided in the 1981 case that the EEOC proceedings do not toll race discrimination claim under 42 U.S.C. 1981. Well, that's a different... Yeah, but here is 1983 discrimination case. That's where I'm going. Okay. I'm sorry. Go ahead. Here, the thing is that the EEOC has no jurisdiction to adjudicate political discrimination claims because Title VII doesn't deal with that. I'm talking now about not the political discrimination claim. I'm talking about an ADA claim, an ADEA claim, a Title VII claim. Okay. How does... So I understand that exhaustion of administrative remedies does not apply to a Section 1983 claim. But now we're talking about the statutory claims. My question is, how does the filing of the EEOC charge affect the running of the statute of limitations with respect to those statutory claims? Oh, it does. It really does. As far as she filed within the 180 days, which she did, for purpose of disability discrimination, which is the other claim that she made before the EEOC, I don't see that she claimed age discrimination. And it's not in the complaint either, but for the statutory claims... She claimed disability discrimination. She claimed disability discrimination. Yes. Okay. That one would not be time bar if she filed it within the 180 days, which she did. So what the District Court is saying is that the fact that she filed a complaint before having a right to sue her affected that claim too, and that's why it is missing. The answer to my question would be that for that claim, since she filed within the 180 days after the termination of January 15, that time bar analysis doesn't apply. And it would be timely. The claim would be timely. But that should be reversed. No. What I'm saying is that that's another problem that she has, which is the District Court did not dismiss because it was too late to go to the EEOC. It dismissed because of another reason. Okay. This is a little confusing. I believe the District Court, with respect to the statutory claims, took the position because she filed her administrative claim before filing the lawsuit, she had not exhausted her administrative remedies at the time she filed the lawsuit. Was that the basis for the District Court's decision? No. The basis was that she filed the statutory claims before the court action, but she didn't wait for the completion of the proceedings before the EEOC, before going to court, i.e., she didn't have a right to sue later when she filed the court action in February 17, 2011, which was then issued a month later, and then she didn't even amend the complaint, didn't do nothing about it. And even the complaint doesn't even allege any exhaustion of administrative remedies. The complaint itself doesn't tell anyone who reads it. But aren't there a fair amount of precedents from other circuits? Aren't there a fair amount of precedents from other circuits that say, when you have this sequence, you get the right to sue letter after the complaint has already been filed? That's really nothing more than a technical issue, and it certainly should not bar the complaint from going forward. Yes, it is. Yes, it is. I acknowledge that. When we talk about the filing of administrative remedies, are we talking about the filing she attempted to make before the anti-discrimination unit? Well, she did file before the anti-discrimination unit also in the EEOC. I think it was the same date in both agencies. And is that at all statute of limitations, filing before the anti-discrimination unit? For the disability discrimination claim, yes, not for the political discrimination. Okay, so I think that will take care of it. First, there are two issues here. The accrual for the claims, I think the latter date that can be generously given to her would be February 12, 2010 in the case of political discrimination, because that's when she first alleged that that was the reason for her termination. So even if you use that accrual date instead of the date when she received the termination letter, the case will be still time-barred, at least as to the political discrimination claims and all the Article 1802 claims, et cetera, those claims, the half and one-year limitations, barred from the Puerto Rico limitations period that applies to TOR actions. But the disability discrimination claim is different, because as Dr. George-Lopez was pointing out, that's a statutory claim, and since she filed a disability discrimination claim before the EEOC within the relevant period, it was timely. So what the court said was that by not filing, by filing a TOR action prematurely, she forfeited also that limitation period. And there are precedents, as Dr. George-Lopez mentioned, by other secret courts, not like this one, saying that that is curable. But the thing is that... So why isn't it curable? Huh? So why isn't it curable here? I mean, the Supreme Court has said that's not jurisdictional, it's sort of a technical requirement. She filed timely, and conceivably maybe she hadn't yet amended her complaint to expressly say that she got the letter, but I'm not sure that she needs to. Yes, I think that the answer to that would be, in my case, I don't have an opinion as to that. I would tend to think that, in that particular scenario, all doubts should be resolved in favor of the claimant, honestly. But I think that there's some negligence here. That's commendable. It sounds like you're uneasy with a rule that would dismiss her complaint on what seems to be a technicality. Do I understand you correctly? Yes. Yes, you do. But I think that part of the complaint has to be dismissed because it's time-marked, which is the Section 1983 claims, the claim for discrimination and the actions by the relatives, which are based on Article 1802 of the Puerto Rico Civil Code, which also has a one-year federal limitation which applies to them. As to the disability discrimination claim, that's where I have my doubts, really, because, as you mentioned, that would be dismissing the case on a technicality that probably is not really that crucial if we take into account that she got the right to sue letter, even though it was one month after the filing of the action. But I also, looking at the complaint, I think that the complaint itself has many problems instead of the allegation as to disability discrimination. And even if the court, if the case goes back for that claim, she is vulnerable to a motion to dismiss on the ADA claim as pleaded, but that's another story. Thank you. Thank you. May I address the court? Yes. Attorney Counsel Carlos Rodriguez-Garcia, I am extremely grateful and to my friend, Roberto Gonzalez, for the admissions that he has made before the court in terms of the dismissal of this case was erroneous. He would get himself fired by his boss who is sitting in the first row. After 35 years in practice, I think we all know what Mr. Gonzalez said. The only thing he said is that maybe your ADA claim stays alive. That's for the panel to determine. But nevertheless, let's go to the, as I said, the four causes of action of this case. It is undeniable that the EEOC does not have any jurisdiction at all in regards to the discrimination cause of action. Therefore, the statute of limitations in regards to the political discrimination case would have lapsed one year after February 2010. And this case was filed before that statute of limitations lapsed. Therefore, preserving that cause of action, instead of filing in March when we got the right to sue letter, which did not authorize us to file the political discrimination case because that is beyond the purview of the EEOC. So when we filed in February 2011, we filed to preserve that cause of action of political discrimination. If we review the docket of the case in the lower court, we filed a motion and requested authorization to file an amended complaint because in the political discrimination case, we found out in August, again, after filing the case, we found out in August that the VAR or the police had published the two vacancies for attorneys. Counselor, how do you respond to their argument that when you file the administrative complaints that you listed political discrimination as a grounds for her dismissal? Because they are saying that back then you knew and you were alleging political discrimination and therefore the accrual date should start to run no later than February when she was actually terminated. You are right, but we have to view the whole slew of events that occurred before the termination date of February 2010. For example, I can accept and I agree with you, your honor, that the political discrimination events commenced on 2009 as soon as the new administration came into power because she was identified with the other party. And when the new party or the new agency chiefs or whatever came into power, they started to place her, for example, they moved, and that's part of the allegations in the complaint, they moved her from the second floor, her office in the second floor to the basement. You know, counsel, I think the problem with your argument is that you seem to be the accrual date to the accumulation of all the information you need to establish, to prove your political discrimination claim. As the chronology of events indicates, she knew almost immediately that she was facing a political discrimination situation. And then over time, her initial suspicion certainly is revealed by that February communication to the anti-discrimination unit. Over time, she got the evidence that she needed, from her point of view, to prove her claim. But that's a very odd theory of accrual, that your cause of action doesn't accrue until you know everything you need to know to prove your claim. That's why I argued before the court that the political discrimination cause of action had a two-pronged attack from the events that occurred since 2009 until her termination in 2010. Now, we have to recall back that her termination was not based on any other allegation except law seven, application of law seven, which was the reduction of payroll by the whole government of Puerto Rico. But afterwards, and that's why we requested an amendment of the complaint, to be sure that we would be able to argue, and that's one of the errors that we are, we submitted in our briefs by the lower court, that they did not allow us to amend the complaint to bring forth the events that occurred on August 10, 2010, when they hired two unexperienced sister counsels, and one of them, Ms. Yaliki Roga, I know personally because she was my law clerk when she was a student. Your time is up. Excuse me? Your time is up. Thank you very much, Your Honor. Submitted.